**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Reelle K. Witherspoon <br> _Debtor_ | CHAPTER 13 |
| Habitat for Humanity Philadelphia, Inc. <br> _Movant_ <br> vs. | NO. 20-12616 MDC |
| Reelle K. Witherspoon <br> _Debtor_ | 11 U.S.C. Section 362 |
| William C. Miller, Esquire <br> _Trustee_ | |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$1,812.41** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | December 2020 to February 2021 at $739.83/month |
| Suspense Balance: | $407.08 |
| **Total Post-Petition Arrears** | **$1,812.41** |

2. The Debtor shall cure said arrearages in the following manner:

    a). On or before February 28, 2021, the Debtor shall cure the post-petition arrears by making a payment in the amount of $1,812.41;

3. Beginning with the payment due March 1, 2021 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $739.83  (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default

with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   January 25, 2021

By: */s/ Rebecca A. Solarz, Esquire*
  Attorney for Movant

Date: *January  29, 2021*

*/s/ Stephen Matthew Dunne, Esquire*
Stephen Matthew Dunne, Esquire
Attorney for Debtor
 No Objection
 /s/ LeeAne O. Huggins
William C. Miller, Esquire
Chapter 13 Trustee

Date: February 1, 2021

Approved by the Court this  2nd  day of           February       , 2021.  However, the court retains discretion regarding entry of any further order.

Magdeline D. Coleman
Chief U.S. Bankruptcy Judge