IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Reelle K. Witherspoon<br>Debtor(s) | CHAPTER 13 |
| Habitat for Humanity Philadelphia, Inc.<br>Movant<br>vs.<br>Reelle K. Witherspoon<br>Debtor(s) | NO. 20-12616 MDC |
| Kenneth E. West Esq.<br>Trustee | 11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The order entered on September 30, 2022 granting relief from the automatic stay is vacated, and the automatic stay as to Movant and the Property located at 2625 South 78th Street, Philadelphia, PA 19153, the post-petition arrearage is **$6,626.43** which breaks down as follows;

Post-Petition Payments: April 2022 through December 2022 in the amount of $736.27 /month
**Total Post-Petition Arrears     $6,626.43**

2. The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$6,626.43.**

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$6,626.43** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due January 2023 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $736.27 (or



as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month.

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:  December 1, 2022

/s/ Denise Carlon, Esquire
Denise Carlon, Esquire
Attorney for Movant



Date:_____     /s/ Henry A. Jefferson, Esquire
                                     _____
                                     Henry Alan Jefferson, Esquire
                                     Attorney for Debtor(s)

                                     No Objection - Without Prejudice to Any
                                     Trustee Rights or Remedies
Date:__December 8, 2022__             /s/ LeeAne O. Huggins
                                     _____
                                     Kenneth E. West, Esquire
                                     Chapter 13 Trustee


Approved by the Court this __12th__ day of _____December_____ 2022. However, the court retains discretion regarding entry of any further order.

                                     BY THE COURT:

                                     *Magdeline D. Coleman*
                                     _____
                                     MAGDELINE D. COLEMAN
                                     CHIEF U.S. BANKRUPTCY JUDGE

Case 20-12616-mdc    Doc 98    Filed 12/12/22    Entered 12/13/22 07:51:00    Desc Main
Document    Page 3 of 3